Lane, C. J.
This case presents the naked question, whether the lien of a first mortgage is preferable to the lien of a second mortgage first registered, if the second mortgagee had notice of the first, when his was executed.
*If the solution of this depended upon general chancery principles, the first would hold, by the application of the doctrine of earlier equities.
But our statute relating to deeds, Swan’s Stat. 266, controls the liens arising from the registration of the different kinds of deeds. Section 8 provides that all deeds except mortgages, not recorded within six months from'execution, shall lose their preferences, except against later purchasers with notice; but section 7 relates to mortgages, gives them effect “from the time of record only,” without introducing the exceptions of notice contained in the *136 other section. The expression of the consequences of notice in one class of deeds, and the omission of it as to the other, is a plain indication that the legislature did not mean to give the protection arising froni it, except to the class of deeds to which it is expressly attached.
It is urged that a second purchaser or mortgagee, having notice of an earlier conveyance, commits a fraud by attempting to set up his own claim at the expense of the other. We do not see the-justice of the doctrine between mortgagees. Both acquire equities against the mortgagor, equally deserving protection; and where the law gives priority to the earlier registry, he holds the strongest right.
Neither can the benefit of the lien for the purchase money be claimed by Jennings.- He loaned the money to Roberts to make the first payment on the land. The purchase money is what •passes between vendor and purchaser, and the lien is the right of the vendor to look to the thing sold, for the price for which it was sold. But money advanced by a third person', to enable the purchaser to buy, is no part of this transaction; nor is he who advances privy to the sale. Nor can it be construed into a resulting trust; that, exists where land is purchased with the money of another. But this purchase was made by Roberts with his own money, borrowed from Jennings, and for which the parties looked to no other security than the mortgage, whose lien the mortgagee lost by his own neglect. Decree for complainant.